IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MORRIS SMITH,                                    *
        Petitioner,
  v.                                            * CIVIL ACTION NO. JFM-09-726

J.D. WHITEHEAD                                   *
        Respondent
                              ***

**MEMORANDUM**

**I.  Background**

      This petition for habeas corpus relief was filed on March 23, 2009, and challenges the finding by Federal Correctional Institution ("FCI")-Cumberland, Maryland staff that petitioner is not eligible for certain benefits of the Residential Drug Abuse Program ("RDAP") established by the U.S. Bureau of Prisons ("BOP"), to wit: early release from a sentence reduction.  Petitioner opines that the consideration of a 1996 conviction, which he committed while he was a youth offender and which was sealed pursuant to New York state law, was improper.

**II.  Pending Motions**

      Respondent has filed a motion to seal, petitioner's pre-sentence investigation report, attached to Paper No. 5 as Exhibit 2..  Paper No. 4.  The motion shall be granted.  Respondent has also filed a cross-motion to dismiss or, in the alternative, for summary judgment.  Paper No. 5.  Petitioner has filed a response to which respondent has replied.  Paper No. 7 and 8.  Oral hearing is deemed unnecessary.  *See* Local Rule 105.6. (D. Md. 2008).   For reasons to follow, respondent's motion, treated as a motion for summary judgment, shall be granted

**III. Standard of Review**

      A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P.

56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir.

2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

With these standards in mind, the court will review petitioner's claims based upon the record.

**IV.     Analysis**

The Violent Crime Control and Law Enforcement Act of 1994 amended 18 U.S.C. § 3621(b) to require the U.S. Bureau of Prisons ("BOP") to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse." It added a section providing for incentives for prisoners to participate in such residential drug abuse programs, including the possibility of an early release. Subsection 3621(e)(2)(B) provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [drug] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

In implementing this provision, the BOP initially adopted the statutory definition of "crime of violence" found under 18 U.S.C. § 924(c)(3). Subsection 3621(e)(2)(B) was codified under 28 C.F.R.§ 550.58. Section 550.58 specifies three prerequisites for early release eligibility: the inmate must have been sentenced to a term of imprisonment for a nonviolent offense; must have a substance abuse problem; and must successfully complete a residential drug abuse treatment program while incarcerated.

Revisions to § 550.58 omit any reference to § 924(c)(3). The regulation does not attempt to define a non-violent offense within the meaning of § 3621(e)(2)(B); instead, the regulation was revised to categorically exclude certain inmates from early release. Section 550.58 states that:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
>     (i)    INS detainees;
>     (ii)    Pretrial inmates;
>     (iii)    Contractual boarders (for example, D.C., State, or military inmates);
>     (iv)    Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
>     (v)    Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;
>     (vi)    Inmates whose current offense is a felony:
>         (A)    That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>         (B)    That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>         (C)    That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
>         (D)    That by its nature or conduct involves sexual abuse offenses committed upon children.

While 18 U.S.C. § 3621 provides for a reduction of custodial time for non-violent offenders, the language of § 3621(e)(2) is permissive, stating that the BOP may grant inmates early release. It does not guarantee eligible inmates early release. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001); *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000). Section 3621 vests the BOP with discretionary

authority to determine when an inmate's sentence may be reduced.  Thus, the BOP in its discretionary authority established criteria for determining early release eligibility.  *See* 28 C.F.R. § 550.58 (2008).  As already indicated, this regulation provides in part that inmates who have a prior felony offense for robbery are ineligible for early release consideration.

The BOP also adopted a program statement to supplement 28 C.F.R. § 550.58.  Program Statement ("P.S.") 5162.04, entitled Categorization of Offenses, was promulgated to further assist BOP agents and employees in interpreting the revised regulation. Section 7 of PS 5162.04 states that as an exercise of the discretion vested in the Director, an inmate serving a sentence for an offense that falls under the provisions described below shall be precluded from receiving certain Bureau program benefits.  The BOP explains this eligibility criteria in P.S. 5162.04, providing that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." P.S 5162.04 § 2.

In *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the United States Court of Appeals for the Ninth Circuit deemed § 550.58 to be violative of the Administrative Procedure Act ("APA").[1]  No court outside the Ninth Circuit has followed *Arrington*, which has been rejected by this court. *See Minotti v. Whitehead*, 584 F.Supp.2d 750 (D. Md. 2008).

In response to *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008) the BOP adjusted their practices and enacted procedures to be followed when determining an inmates' eligibility to receive early release consideration upon the successful completion of the RDAP.  These new

---

[1]     The Ninth Circuit concluded that the BOP's reasons for implementing § 550.58 violated the APA because the agency did not reasonably explain the basis for the manner in which it exercised its discretion. *Arrington v. Daniels*, 516 F.3d at 1114-16.

*Arrington* procedures were only applied to inmates who were either housed in an institution within the Ninth Circuit or completed the unit-based portion of the RDAP at an institution in the Ninth Circuit. In 2009, the BOP further revised its RDAP regulations in light of *Arrington*. On January 14, 2009, pursuant to the APA, the BOP published its proposed new rule through the notice and comment procedures. On March 16, 2009, this new version was adopted by the BOP. This new version, codified at 28 C.F.R. § 550.55, is essentially identical to the former version codified at 28 C.F.R. § 550.58, but provides a detailed rationale for why offenders were not entitled to early release consideration.

Petitioner challenges the denial of his eligibility for benefits from the BOP RDAP program. Respondent presents the following uncontroverted information in support of his motion for Summary Judgment.

On October 7, 1996, petitioner pled guilty in Erie County Court in Buffalo, New York, to one count of attempted robbery in the first degree. Paper No. 5, Ex. 1. After the conviction, and during the sentencing phase, petitioner was adjudicated a "Youthful Offender" for this crime. He was sentenced to sixty days incarceration and five years probation. *Id*.

On March 27, 2008, petitioner was convicted of "Distribution of cocaine Base" in violation of 21 U.S.C. § 841(a)(1). *Id*. He was sentenced to a 51 month term of incarceration. *Id*. Petitioner was designated to FCI-Cumberland on April 21, 2008. He has a projected release date of August 24, 2010. *Id*.

On May 18, 2008, petitioner was advised that he could participate in the RDAP program but due to his past offense of attempted robbery, he was ineligible to receive any sentence reduction upon the successful completion of the program. *Id*. Petitioner signed a document acknowledging

that he was on notice that even with his participation in the RDAP he was ineligible for early release. *Id*. Attachment C. On December 15, 2008, petitioner began the RDAP. It is anticipated that he will graduate from RDAP on September 25, 2009. *Id*.

Respondent argues that the petition is subject to dismissal because petitioner has been properly found to be ineligible for early release.[2] The court concurs. Under New York criminal law a conviction is a prerequisite for a youthful offender adjudication. *See Capital Newspapers Div. of the Hearst Corp. v. Moynihan*, 519 N.E. 2d 825, 827 (N.Y. 1988) (stating that youthful offender status is only determined after the defendant has been tried and criminally convicted); *United States v. Cuello*, 357 F.3d 162, 165-69 (2d Cir. 2004) (holding that it was proper for District Court to consider defendant's prior New York state youthful offender adjudication as an adult conviction for purposes of calculating a sentence under the federal sentencing guidelines.) Moreover, the BOP did not act improperly in consulting petitioner's sealed youthful offender records. Under New York law, all records and papers relating to a case involving a youthful offender adjudication are to be kept confidential. *See* N.Y. Crim. Proc. Law. § 720.35. The statute does not, however, eliminate all vestiges of the adjudication. *See United States v. Matthews*, 205 F.3d 544, 546-48 (2d Cir. 2000). (holding that "information regarding an individual's youthful offender adjudication remains potentially available for use by any number of state and federal law enforcement and judicial agencies." The statute explicitly permits the youth offender information be maintained by the state probation department in order to carry out duties authorized by law, including cooperation with federal law enforcement partners. *See* N.Y. Crim. Proc. Law § 720.35(2) Moreover, federal courts have held that youth offender information may be considered for calculating sentences under the

---

[2]   Respondent also claims that the petition is subject to dismissal because 18 U.S.C. § 3625 precludes judicial review of the BOP determination regarding early release eligibility.

federal sentencing guidelines. *See Cuello*, 357 F.3d at 165-69 (collecting cases); *Matthews*, 205 F.3d at 546-48. Even though petitioner was adjudicated a youthful offender, the BOP properly relied upon that conviction to find him ineligible for early release consideration. Plainly, 28 C.F.R. § 550.58 and PS 5162.04 are valid exercises of the BOP's discretion under 18 U.S.C. § 3621 and petitioner's attempted robbery conviction renders him ineligible for the RDAP early release benefit.

**V. Conclusion**

      For the aforementioned reasons, respondent's motion to dismiss or, in the alternative, motion for summary judgment, construed as a motion for summary judgment, shall be granted.  A separate Order follows.


Date:  September 24, 2009                          /s/_____
                                                             J. Frederick Motz
                                                             United States District Judge